MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
Email: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
Email: honolululaw808@gmail.com

Attorneys for Plaintiff
Ellen P. Gambriel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELLEN P. GAMBRIEL, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAII PACIFIC UNIVERSITY, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff ELLEN P. GAMBRIEL, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## THE PARTIES

1. Plaintiff ELLEN P. GAMBRIEL (hereinafter "GAMBRIEL") is and was at all times mentioned herein a resident of Waianae, Hawaii.

2. Defendant HAWAII PACIFIC UNIVERSITY (hereinafter "HAWAII PACIFIC") at all times mentioned herein is a domestic nonprofit corporation, organized in the State of Hawaii.

## NATURE OF THE CASE

3. Plaintiff was hired by Defendant in February 2020, as an Adjunct Professor.

4. During Plaintiff's employment with Defendant, Plaintiff was denied reasonable accommodation for her religious beliefs, the last incident occurring on September 1, 2021.

5. Plaintiff was terminated from employment with Defendant on September 1, 2021, as an Adjunct Professor.

6. A Charge of Discrimination for religious discrimination was filed with the Equal Employment Opportunity Commission (EEOC) with Charge No. 37B-2022-00024.

7. A Determination of Charge was issued on January 11, 2023, notifying Plaintiff that he could file a lawsuit within 90 days based upon the alleged religious discrimination.

## JURISDICTION

8. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

9. Plaintiff filed a Charge of Discrimination based upon religious discrimination which was assigned Charge No. 37B-2022-00024.

10. The administrative prerequisites for filing this cause of action have been fulfilled. A Determination of Charge was issued by EEOC on January 11, 2023, which allowed for the filing of this lawsuit.

## STATEMENT OF FACTS

11. Plaintiff was hired by Defendant in February 2020, as an Adjunct Professor

12. During Plaintiff's employment with Defendant, Plaintiff was denied reasonable accommodation for her religious beliefs, the last incident occurring on September 1, 2021. Plaintiff did not want to be vaccinated due to her religious beliefs against the Covid-19 virus.

13. Defendant had adopted a requirement that employees be Covid-19 vaccinated or undergo testing regarding Covid-19 infection.

14. In August 2021, before the start of the fall semester, Plaintiff attended a semester-welcome conference for new staff. During the conference, the Chief Nurse Administrator and Professor, College of Health and Society, spoke to the attendees,

during which the Chief Nurse commented that she did not know why anyone would become a nurse if they did not want to get vaccinated.

15. On August 19, 2021, Plaintiff was informed via letter by Human Resources (HR) that her request for a religious exemption to the school's vaccination policy was temporarily approved. The letter further stated that Plaintiff was required to do a Covid-19 test three times per week at either the Aloha Tower Marketplace or Hawaii Loa Campus.

16. On August 20, 2021, Plaintiff e-mailed the Associate Dean and Professor, College of Health and Society, explaining that due to her schedule, she would be unable to travel to campus from her home in Waianae three times a week for testing, especially considering that she was only on campus on Thursdays for lectures. Thus, as a further accommodation for Plaintiff's religion, Plaintiff requested that, as a registered nurse, she be given her own supply of Covid-19 tests, which she could administer herself and send in the results.

17. On August 23, 2021, Plaintiff was informed by the Assistant Vice President of HR, that coming onto campus was the only available option for Covid-19 testing at the time. Although Plaintiff was provided additional days and times that she was able to go to campus to take the Covid-19 tests, due to Plaintiff's schedule and non-Hawaii Pacific obligations, Plaintiff was unable to make those additional days and times three times a week on Mondays, Wednesdays, and Fridays, which Plaintiff informed the Assistant Vice President of. Plaintiff made it clear that she would be

willing to take the Covid-19 tests at a clinic or healthcare facility on the Waianae Coast. The next day, the Assistant Vice President informed Plaintiff that the school was not able to provide alternate testing locations.

18. On August 25, 2021, the day before Plaintiff's first scheduled lecture class, Plaintiff again made a request to be allowed to take self-administered Covid-19 tests in lieu of going to campus three times a week solely for testing. Plaintiff again explained her schedule, including why she was unable to go to campus three times a week for Covid-19 testing. Responding the same day, the Assistant Vice President denied Plaintiff's request to test at home, stating there is no alternative to coming onto campus to test three times a week. Plaintiff's request to coming on campus to test before her classes on Thursdays was also denied. The Assistant Vice President further stated that if Plaintiff wanted to teach her lecture on campus the following day, she would have to go to campus to test today before 5:30 p.m. The e-mail exchange between Plaintiff and the Assistant Vice President ended with the Assistant Vice President suggesting that if she was not able to comply with the three tests a week requirement, she should consider resigning.

19. On August 26, 2021, Plaintiff was informed that her request for a religious exemption was approved, and that the accommodation required Plaintiff to take three Covid-19 tests per week on Mondays, Wednesdays, and Fridays. Plaintiff was further informed by her immediate supervisor, Assistant Professor, Nursing Program Director, during a phone call that Kapiolani Medical Center would be accepting

Hawaii Pacific's Covid-19 testing, and that Plaintiff should report for her clinic the following Monday, August 30, 2021.

20. On August 27, 2021, Plaintiff received a letter from the Dean and Professor, College of Health and Society, informing Plaintiff that she was in violation of school policies for missing the required Covid-19 tests that week. Plaintiff was further informed that is she missed her next scheduled testing on August 30, 2021 (Monday), she would be terminated. Plaintiff responded via e-mail the same day to the Dean, Associate Dean and Professor, and Assistant Vice President, requesting as an accommodation for her religion, due to her schedule and non-Hawaii Pacific obligations, including, but not limited to Plaintiff's clinical course at Kapiolani Medical Center from 6:30 a.m. to 5:30 p.m., on Mondays, that she be allowed to test on Tuesdays and Thursdays.

21. On August 28, 2021, Plaintiff was informed via e-mail by the Assistant Vice President that her request to test on Tuesdays and Thursdays was denied, and that testing on Mondays, Wednesdays, and Fridays was required as part of the provided accommodation. Plaintiff was also reminded that if she missed another test, she would be terminated.

22. On August 31, 201, Plaintiff received a written reprimand from the Dean for failing to take the required Covid-19 tests. The letter also informed Plaintiff that the school had agreed to allow her to test for Covid-19 only twice per week, but the testing needed to be on Mondays and Wednesdays only. Plaintiff was further

6

informed that if she missed her next scheduled Covid-19 test on campus (September 1, 2021), she would be terminated for failure to comply with Hawaii Pacific's safety policies. Plaintiff responded to the letter via e-mail the same day to the Dean, again making it clear that due to work on Mondays and Wednesdays, including her clinical at Kapiolani Medical Center from 6:30 a.m. to 5:30 p.m., on Mondays, Plaintiff requested that she be allowed to test on Tuesdays, Thursdays and Fridays. Plaintiff also asked the Dean about her two lecture course, including whether the school found a replacement, as Plaintiff had not heard from her direct supervisor for several days despite numerous attempts to contact her.

23. On September 1, 2021, the Dean informed Plaintiff via e-mail that while discussion about testing between school officials and herself were taking place over the past several days, the school had found replacement for her two lecture courses. The Dean offered to pay for the entirety of her course contract of $4,400. Responding the same day, Plaintiff requested that she also receive payment for her clinical contract of $7,500.

24. On September 3, 2021, the Dean informed Plaintiff via e-mail that because Hawaii Pacific Health (HPH) did not allow anyone unvaccinated to be at their facilities, the school would not pay her for the clinical contract. Although Plaintiff requested a redacted copy of HPH's vaccination policy, including exemption policies, none were ever provided. Plaintiff believes that Hawaii Pacific chose not to even make a request for an exemption for Plaintiff to HPH as she had requested.

7

25. Plaintiff was denied reasonable accommodation for her religious beliefs, which is discrimination against her religion, when the school placed unreasonable testing requirements on accepting the accommodation, including requiring Plaintiff to test on a day that her clinical course was scheduled from 6:30 a.m. to 5:30 p.m.

26. Plaintiff was terminated from her employment on September 1, 2021 with Defendant for discriminatory reasons based on her religion.

## STATEMENT OF CLAIMS

## COUNT I - RELIGIOUS DISCRIMINATION AND RETALIATION

27. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

28. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination, failure to accommodate, and termination due to religious beliefs and based on retaliation for complaining of the discrimination.

29. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendants and employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

30. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

31. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

8

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

32. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

33. The actions of Defendants and employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff GAMBRIEL prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant HAWAII PACIFIC with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E.  For attorney's fees, costs, and interest, including prejudgment interest; and

F.  For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, April 11, 2023.

                        /s/ Charles H. Brower
                        CHARLES H. BROWER
                        MICHAEL P. HEALY
                        Attorneys for Plaintiff
                        Ellen P. Gambriel